Martin RUGAMBA, Plaintiff–
Appellant,

v.

J.B. HUNT TRANSPORT, INC.; et al., Defendants–Appellees.

No. 01–55658.

D.C. No. CV–00–08115–ER.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 7, 2002.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Martin Rugamba appeals pro se the district court's summary judgment in his action alleging that he was terminated because of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, and various state laws. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *see Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

Contrary to Rugamba's contention, the district court properly granted summary judgment on his perjury claim because a civil action for damages arising from false testimony or perjury is not recognized in

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Rugamba's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

California. *See Agnew v. Parks,* 172 Cal. App.2d 756, 343 P.2d 118, 124 (Cal.Dist.Ct. App.1959).

Because Rugamba failed to comply with the district court's service deficiency notice, the district court did not abuse its discretion by not issuing a summons and complaint. *See Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir.1994). Furthermore, the district court's grant of defendant Hunt's motion for leave to amend its answer was proper. *See Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798–99 (9th Cir. 1991).

Summary judgment was proper because Rugamba failed to present sufficient evidence to create a genuine issue of material fact as to any of his claims. *See Wallis v. Simplot,* 26 F.3d 885, 889 (9th Cir.1994).

**AFFIRMED.**